CENTRAL FINANCE CO. v. KEATING

---

(Mar. 14, 1927. Opinion and Decree.) ·
(Mar. 28, 1927. Rehearing Refused.)
(May 23, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Sales—Par. 302, 304.**
The vendor's privilege on movables exists only so long as the property sold remains in the hands of the purchaser. But, where a sale is made by the purchaser, and, his vendee assumes to pay the unpaid price due the original vendor as a part of the consideration of the sale, the privilege follows the property in the hands of the second purchaser by reason of the assumption of the· debt.

Appeal from First City Court, Section "A". Hon. W. Alexander Bahns, Judge.

Action by Central Finance Company against Mrs. Carrie Keating, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed. ·

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

Jas. J. Landry, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. · Plaintiff, as the holder of a promissory note issued in part payment of the purchase price of an automobile, sued for $188.76 as the balance due on the note, caused a writ of sequestration to issue, and seized the automobile in the possession of defendant.

Defendant does not deny his obligation for the amount claimed but says that plaintiff was not entitled to the writ of sequestration, and in his answer claims damages, alleged to have been suffered by him.

There was judgment for plaintiff as prayed for and defendant has appealed.

The basis for the sequestration is the assertion of the right to a vendor's lien upon the seized automobile. Defendant denies plaintiff's alleged lien upon the ground that the automobile when seized was not in the possession of the original purchaser, by whom the note sued on was issued and thereafter acquired by the present plaintiff from the original vendor. R. C. C. 3217, 3227. But defendant assumed the payment of the balance of the purchase price due at the date of his acquisition of the automobile as appears by the following letter:

"New Orleans, Louisiana,
"June 7th, 1926.
"Central Finance Company, Inc.,
"826 Baronne Street,
"New Orleans, Louisiana.
"Gentlemen:
"Please be advised that we have purchased from Mrs. Carrie Keating, divorced wife of Albert J. Comstock, her four-door

Ford sedan automobile, 1926 model, motor number 12173587, and as part of the consideration paid her have assumed payment of the outstanding chattel mortgage notes securing payment of the purchase price of the said car, the said car having been sold by Edwards Motor Company to Mrs. Carrie Keating by act passed before Louis G. Lemle, notary on August 2, 1925. The notes assumed are the last twelve described in the act of sale, being Nos. 4 to 15, both inclusive, at $47.19 each.

"Yours very truly,

"MID-CITY REALTY COMPANY,

"By (sgd.) J. B. G. Arnoult.

"We accept the above assumption.

"CENTRAL FINANCE CO., INC.,

"By (sgd.) J. J. Gill."

The principle which defendant invokes cannot be disputed. The vendor's privilege exists only so long as the property remains in the possession of the purchaser. Dreyfous vs. Code, 138 La. 297, and authorities there cited. Even though subsequent purchaser knew of existence of balance due original vendor (supra). But it appears that it is different when the subsequent purchaser assumes to pay the balance due the original vendor.

In De Lisle vs. Succ. of Moss, 34 La. Ann. 164, Justice Bermudez, in speaking of the vendor's privilege, says (page 166):

"This privilege was unknown in the old Roman Law, as also was the resolutory condition. It is of Gallic creation. The Modern civilians say that it adheres to the entrails of the thing. After delivery the old Roman Law abandoned the vendor selling on credit to the good faith or mercy of the purchaser and declined a resolution of the sale in case of non-payment of the price unless the pactum commissarium had been expressly stipulated."

Justice Bermudez proceeds with characteristic thoroughness to discuss the exalted nature of vendor's privilege and concludes that the objections urged to the privilege in the case under discussion can not prevail. These objections are thus stated in the opinion—

: "The objections made to the vendor's privilege claimed are grounded upon the charge that the amount claimed is not a debt created at the time of the sale, and due to the vendor, or to one of his authors, but that it is a debt which existed prior to the date of the purchase, in favor of one who was not a vendor and who was not a party to the act."

This defense was not sound because "where the purchaser assumes to pay a mortgage debt of the vendor the creditor has the right to proceed against him directly", and, the opinion proceeds to declare, the moment the debt due the original vendor was guaranteed the subsequent purchaser the vendor's lien formed an integral part of the price and when the assumption was agreed to by the vendor he "acquired the right to ask payment of the debt which the vendor's privilege as effectually as he could have done had he been the holder of the note of the purchaser, furnished in settlement of the price of sale." See also McCay v. Chambliss, 12 La. Ann. 413; Succession of Fergurson, 17 La. Ann. 256; Conte v. Cain, 33 La. Ann. 966; XII Orl. App. 97. The writ of sequestration was properly issued, and as there is no other defense, the judgment appealed from must be and it is affirmed.